IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LEO N. MCCLAM, # 250430, | ) Civil Action No. 3:05-1795-TLW-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOSE CHAVEZ, M.D., | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |
| | ) |

Plaintiff filed this action under 42 U.S.C. § 1983 ("§ 1983") on June 23, 2005.[1]  He has

been involuntarily committed to the South Carolina Department of Mental Health as a Sexually

Violent Predator ("SVP") pursuant to the South Carolina Sexually Violent Predator Act ("SVP

Act"), S.C. Code Ann. § 44-48-10 et seq.  Plaintiff is in the Behavioral Disorders Treatment

Program.  Defendant filed a motion for summary judgment on December 12, 2005.  Because

Plaintiff is proceeding pro se, he was advised on December 14, 2005, pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for

summary judgment with additional evidence or counter-affidavits could result in the dismissal of

his complaint.  Plaintiff did not file a response to the Roseboro order.  On January 20, 2006, the

undersigned issued an order allowing Plaintiff an additional fifteen days in which to advise the

Court whether he wished to continue to prosecute this action. On January 31, 2006, Plaintiff filed

a response in which he stated that he wishes to continue his case.  He claims that he sent a

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule
73.02(B)(2)(e), DSC.  Because this is a dispositive motion, this report and recommendation is
entered for review by the court.

response to Defendant's motion for summary judgment to the Court on January 18, 2006, and asked the Clerk of Court to advise him if the Court had received his response. On February 28, 2006, Plaintiff requested that the Clerk of Court obtain a copy of his response from Defendant. The Clerk of Court correctly advised Plaintiff, in a memorandum dated March 1, 2006, that it is Plaintiff's (not the Court's) responsibility to ensure that his document is submitted to the Court. Plaintiff has not filed any further response.

## DISCUSSION

Plaintiff appears to allege that his constitutional rights were violated because he is being denied proper medical care for a rash. He writes:

> On 6/6/2005, I wrote Doctor Jose Chavez a request to investigate why I was breaking out. However, there was no responce [sic].
>
> On 6/9/2005, I wrote Dr. Jose a request to investigate why I was breaking out even more. However, there were [sic] no response from him.
>
> On 6/13/2005, I met with Dr. Jose Chavez in front of the Treatment Team, in which I tried to negociate [sic] a deal with Dr. Chavez as well as the entire team, but I was told no deals will be cut.

Complaint, at 3. Defendant contends that he is entitled to summary judgment because: (1) the treatment of Plaintiff met the applicable constitutional standard; (2) Defendant is entitled to Eleventh Amendment immunity; (3) Defendant is entitled to qualified immunity; and (4) Plaintiff's claim is moot as his rash has resolved.

A.     Medical Claims

Plaintiff alleges that his constitutional rights have been violated because Defendant did not properly treat his rash. Defendant contends that he has met the necessary constitutional standard under a Fourteenth Amendment Due Process analysis.

2

Involuntarily committed mental patients retain a liberty interest in conditions of reasonable care and safety and in reasonably nonrestrictive confinement conditions. Youngberg v. Romeo, 457 U.S. 307, 324 (1982). Due process requires that the conditions and duration of confinement under the SVP Act bear some reasonable relation to the purpose for which persons are committed. See Seling v. Young, 531 U.S. 250, 265 (2001); Youngberg v. Romeo, supra. The Fourteenth Amendment ensures that states will provide not only for the medical needs of those in penal settings, but for anyone restricted by a state from obtaining medical care on his own. DeShaney v. Winnebago, 489 U.S. 189, 200 (1989); Youngberg, 457 U.S. at 324.[2]

In deciding whether a civilly-institutionalized individual's constitutional rights have been violated, the courts must balance the individual's liberty interest against the relevant state interests, but deference must be given to the decisions of professionals. Youngberg, 457 U.S. at 321. "[T]he decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323. Deference to professionals ensures that federal courts do not unnecessarily interfere with the internal operations of state institutions. Id. at 322.

---

[2] The Eighth Amendment deliberate indifferent standard applies to convicted prisoners. To establish a constitutional violation under that standard, a plaintiff must show that prison officials were deliberately indifferent to a serious medical need. See Farmer v. Brennan, 511 U.S. 825 (1994); Estelle v. Gamble, 429 U.S. 97 (1976). Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). See Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)(citing Estelle v. Gamble, 429 U.S. 97 (1976)).

To state a claim pursuant to the Fourteenth Amendment requires a plaintiff to provide proof of more than mere negligence in diagnosing and treating medical complaints. Patten v. Nichols, 274 F.3d 829 (4th Cir. 2001). While courts have not adopted a consistent standard, there is agreement that the professional judgment standard requires more culpability than mere negligence. Compare Yvonne L. v. New Mexico Dep't of Human Servs., 959 F.2d 883, 894 (10th Cir. 1992)(doubting whether "there is much difference" between the deliberate indifference standard and the Youngberg standard), with Doe v. New York City Dep't of Soc. Servs., 709 F.2d. 782, 790 (2d Cir. 1983)(stating that in Youngberg, "the Court adopted what is essentially a gross negligence standard"); see also Shaw v. Strackhouse, 920 F.2d 1135, 1146 (3d Cir. 1990)("Professional judgment, like recklessness and gross negligence, generally falls somewhere between simple negligence and intentional misconduct.").

Plaintiff has not shown that Defendant violated the professional judgment standard. Defendant states that sometime in early to mid June 2005 he became aware that Plaintiff had developed a pruritic rash involving his anterior chest area. On June 16, 2005, he evaluated Plaintiff's rash, thought it was an acne-like rash, and prescribed an antibiotic for Plaintiff. Additionally, Defendant ordered Atarax to be used for allergy or itching associated with Plaintiff's rash. On June 29, 2005, Defendant wrote an order referring Plaintiff to a specialty clinic to evaluate his rash. Plaintiff was examined at the clinic on July 8, 2005, at which time it was noted that Plaintiff had a localized and pruritic, papular rash involving his mid-sternal and right chest areas. One-percent hydrocortisone cream was recommended. On July 11, 2005, Dr. Chavez prescribed one-percent hydrocortisone cream and ordered additional diagnostic blood work in an effort to evaluate the rash. Defendant states that thereafter Plaintiff's rash resolved. See

4

Defendant's Motion for Summary Judgment, Ex. 2 (Plaintiff's Medical Records) and Ex. 3 (Dr. Chavez Aff.).

      B.     <u>Immunity</u>

          Defendant contends that he is entitled to Eleventh Amendment immunity to the extent that Plaintiff is suing him in his official capacity.  When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state.  In the case of <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

<u>Id.</u> at 66.

     The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity.  <u>Id.</u> at 70.  In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and,

therefore, against the state. State officials may only be sued in their individual capacities. Therefore, Defendant is entitled to Eleventh Amendment immunity from monetary damages in his official capacity.

Defendant also contends that he is entitled to qualified immunity in his individual capacity. The Supreme Court in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

<u>Harlow</u>, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

<u>Wiley v. Doory</u>, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), <u>cert.</u> <u>denied</u>, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendant violated any of his clearly established constitutional or statutory rights. Therefore, Defendant is entitled to qualified immunity in his individual capacity.

6

C.     State Law Claims

It is unclear whether Plaintiff is asserting any claims under South Carolina law.  As Plaintiff fails to show that Defendants violated his rights under § 1983 (as discussed above), it is recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any state law claims be dismissed.

CONCLUSION

Based on review of the record, it is recommended that Defendant's motion for summary judgment (Doc. 12) be granted.

Respectfully submitted,


s/Joseph R.  McCrorey
United States Magistrate Judge

April 26, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

7

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied,* Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied,* 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
